|  | O |
|---|---|

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| MIGUEL GUTIERREZ,<br><br>    Petitioner,<br><br>    v.<br><br>W.L. MONTGOMERY, Warden,<br><br>    Respondent. | Case No. CV 16-02309-CJC (DFM)<br><br>Report and Recommendation of<br>United States Magistrate Judge |
|---|---|

This Report and Recommendation is submitted to the Honorable Cormac J. Carney, United States District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**BACKGROUND**

In 2012, a jury convicted Miguel Gutierrez ("Petitioner") of first-degree murder and of shooting at an inhabited dwelling. See Dkt. 14, Notice of Lodgment, Lodged Document ("LD") 1, Clerk's Transcript ("CT") 240-42. The jury also found that Petitioner's offenses were for the benefit of, at the direction of, or in association with a criminal street gang. See id. The trial

court sentenced Petitioner to 50 years to life in state prison. See CT 262-67.

Petitioner filed a direct appeal to the California Court of Appeal, which upheld his conviction in a reasoned opinion on October 7, 2014. See LD 3. Petitioner then filed a petition for review to the California Supreme Court, which denied review without comment on January 14, 2015. See LD 4-5.

On March 29, 2016, Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court, alleging that evidence of his refusal to speak to deputies violated his right against self-incrimination. See LD 6 at 23-30. Petitioner also argued that his constitutional right to effective assistance of counsel was violated by: (1) his trial counsel's failure to object to and otherwise contest testimony regarding Petitioner's post-arrest silence; (2) his trial counsel's failure to object to the trial court's admonition to the jury about that silence; (3) his trial counsel's opening statement; (4) his trial counsel's failure to seek exclusion of Petitioner's prior convictions; (5) his trial counsel's introduction of evidence of Petitioner's time in prison. See id. at 30-36. On May 18, 2016, the trial court denied the petition, finding that Petitioner's issues were raised and denied on direct appeal. See LD 7 (citing In re Dixon, 41 Cal. 2d 756 (1953)).

On April 5, 2016, Petitioner filed the instant Petition alleging five substantive grounds for relief: (1) references at trial to Petitioner's refusal to speak to the police were improper comments on his invocation of his constitutional privilege against self-incrimination; (2) appellate counsel was ineffective for failing to argue trial counsel's failure to object to testimony regarding Petitioner's refusal to speak to the police; (3) trial counsel was ineffective for failing to secure admission of relevant witness testimony, failing to contest an out-of-court identification made in the absence of Petitioner's counsel, and failing to obtain GPS evidence to establish Petitioner's whereabouts at the time of the crime; (4) newly discovered evidence establishes

Petitioner's innocence; and (5) "cumulative errors."[1] See Dkt. 1, Petition at 5-8.[2] On June 24, 2016, Petitioner moved for a stay under Rhines, see Dkt. 10, and on August 10, 2016, Respondent filed an opposition to Petitioner's motion, see Dkt. 13.

On July 25, 2016, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, alleging that his counsel was constitutionally ineffective at trial and in post-conviction proceedings and that newly discovered evidence exonerated him. See LD 8 at 3-5. On September 22, 2016, the California Court of Appeal denied the petition in a reasoned opinion. See LD 9. On December 7, 2016, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court alleging the same claims but missing several pages, which Petitioner supplemented in a later filing on or around January 17, 2017. See LD 10-11. On February 1, 2017, the California Supreme Court summarily denied the petition with citations to People v. Duvall, 9 Cal. 4th 464, 474 (1995), and In re Swain, 34 Cal. 2d 300, 304 (1949). See LD 12.

On March 10, 2017, this Court denied Petitioner's motion for a Rhines stay as moot based on the state courts' denials of Petitioner's state habeas petitions. See Dkt. 19. Noting that the California Supreme Court denied the petition with citations to Duvall and Swain, the Court contemplated that Respondent would file a motion to dismiss the Petition because those citations

---

[1] Petitioner alleges as an additional ground that the ineffective assistance of his counsel in post-conviction proceedings is good cause for a stay under Rhines v. Weber, 544 U.S. 269, 277 (2005). See Petition at 6. Petitioner's claim is not cognizable as an independent ground for relief. See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

[2] All page citations to electronically-filed documents use the CM/ECF pagination.

indicated as an initial matter that Petitioner's claims were not pleaded with sufficient particularity under state law. See id. at 2, 2 n.1. As the Court foresaw, Respondent has in fact filed a motion to dismiss, arguing that Petitioner's ineffective assistance of counsel and newly discovered evidence claims remain unexhausted because they were not fairly presented to the California Supreme Court. See Dkt. 22. Petitioner did not file an opposition.

## II.
## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless the petitioner has exhausted the remedies available in the state courts.[3] Exhaustion requires that the petitioner's contentions be "fairly presented" to the state courts and be disposed of on the merits by the highest court of the state. Picard v. Connor, 404 U.S. 270, 275 (1971); see also James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). To satisfy the fair presentation requirement, the petitioner must describe in the state-court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard, 404 U.S. at 275-78; Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008); see also Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in

---

[3] The statute provides two exceptions to this requirement, where "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Neither is applicable here.

4

the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). The petitioner also must demonstrate that he has exhausted all available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Duvall and Swain stand for the proposition that a habeas petition must "both (i) state fully and with particularity the facts on which relief is sought, as well as (ii) include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal. 4th at 474 (internal citations omitted); see also Swain, 34 Cal. 2d at 304. The Ninth Circuit has held that a denial of a state habeas petition with citations to Duvall and Swain is deemed a facial denial on procedural grounds, leaving state remedies unexhausted but the petition itself curable. See Gaston v. Palmer, 417 F.3d 1030, 1039 (9th Cir. 2005) ("In light of its citations to Swain and Duvall, we read the California Supreme Court's denial of [the petitioner's] . . . habeas application as, in effect, the grant of a demurrer, i.e., a holding that [the petitioner] had not pled facts with sufficient particularity."), modified on other grounds, 447 F.3d 1165 (9th Cir. 2006); see also Harris v.California, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc) ("If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient . . . then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation."); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).

But the Ninth Circuit has also held that the California Supreme Court's citation to Swain does not establish per se that a petitioner failed to exhaust his or her claims. See Kim, 799 F.2d at 1319-20 ("The state courts, by denying a writ for lack of particularity when the claims are alleged with as much particularity as is practicable, cannot forever preclude the petitioner from

reaching federal court. Such a result would defeat the purposes of section 2254."); Hodge v. Hornung, 49 F. App'x 692 (9th Cir. 2002) ("Fair presentation requires only that the claims be pleaded with as much particularity as is practicable."). District courts must "independently analyze the petition presented to the California Supreme Court to determine whether [the petitioner] satisfied federal exhaustion requirements and alleged his claims 'with as much particularity as is practicable.'" Barrera v. Att'y Gen. of California, 473 F. App'x 748, 749 (9th Cir. 2012) (quoting Kim, 799 F.2d at 1320); see, e.g., Servin v. Hickman, No. 05-1343, 2006 WL 1550433, at *1 (E.D. Cal. May 30, 2006) (finding claims exhausted where, despite citation to Duvall and Swain, the "allegations were sufficient to put the state court on notice of petitioner's claims"); Kim, 799 F.2d at 1320-21 (holding that allegations are fairly presented if they "reveal the substance of [a petitioner's] claims" or "raise[] a pure question of law").

### III.
### DISCUSSION

Upon review of the Petition, the Court finds that Petitioner has fairly presented his ineffective assistance of counsel and newly discovered evidence claims to the California Supreme Court. Respondent's motion to dismiss should accordingly be denied.

**A.  Ineffective Assistance of Trial Counsel**

Petitioner's petition for habeas corpus to the California Supreme Court pleads his ineffective assistance of trial counsel claim with sufficient particularity to satisfy the federal exhaustion requirements. See Barrera, 473 F. App'x at 749. In his petition to the California Supreme Court, Petitioner explicitly alleged that his trial counsel was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668, 695 (1984), for: (1) failing to secure admission of Kenny Lara's statements to Petitioner's investigator, Gary

Cooper, that Victor Perez was the shooter, not Petitioner, see LD 10 at 15; (2) failing to seek suppression of Chaennette Lozano's testimony, which stemmed from police coercion, see id. at 17; (3) failing to call Cooper to testify regarding Lara's and Lozano's statements exculpating Petitioner, see id. at 20; (4) failing to move to suppress Lozano's identification of Petitioner at a live lineup in the absence of counsel, see id. at 21-22; (5) failing to obtain GPS evidence to ascertain Petitioner's whereabouts during the commission of the crime, see id. at 20-21; (6) failing to object to testimony regarding Petitioner's invocation of his right to silence and to the trial court's improper admonition to the jury regarding Petitioner's silence, see id. at 22-24; and (7) his continuing course of ineffective representation. The petition also alleged that Petitioner is entitled to an evidentiary hearing on the issue of ineffective assistance of counsel and that the cumulative effect of his trial counsel's errors deprived him of a fair trial under Strickland. See id. at 3, 27-29. With exception to Petitioner's request for an evidentiary hearing, the contentions in his California Supreme Court petition correspond to those raised in the instant Petition, and all were supported by clearly alleged facts and citations to legal authorities. Even without attachment of supporting exhibits, see Motion at 17, the California Supreme Court was thoroughly apprised of the substance of Petitioner's claims. See Kim, 799 F.2d at 1320. Thus, Petitioner's ineffective assistance of trial counsel claim was fairly presented.

**B.**     **Ineffective Assistance of Appellate Counsel**

Petitioner's ineffective assistance of appellate counsel claim submitted to the California Supreme Court was also particular enough to satisfy the fair presentation requirement. Petitioner alleged that the factual basis for this claim was his appellate counsel's failure to discover, investigate, and present the errors committed by Petitioner's trial counsel—e.g., those errors alleged in Section III(A), supra. See LD 10 at 30. As Petitioner's ineffective assistance of

appellate counsel claim was wholly based on counsel's failure to discover the alleged ineffective assistance of Petitioner's trial counsel, Petitioner's ineffective assistance of appellate counsel claim was pled with as much particularity as was practicable without necessitating a rehashing of Petitioner's ineffective assistance of trial counsel arguments. Thus, these allegations were sufficient to put the state court on notice of Petitioner's ineffective assistance of appellate counsel claims. See Kim, 799 F.2d at 1320.

**C.     Newly Discovered Evidence**

In his petition to the California Supreme Court, Petitioner alleges that newly discovered evidence exonerates him under Herrera v. Collins, 506 U.S. 390, 417 (1993). See LD 10 at 10. Specifically, Petitioner describes that another individual, Victor Perez, fits the description of the suspect in the March 17, 2010, police report and that Perez bragged to a third party about being the person "who shot and killed a White Fence gang member." Id. Petitioner further contends that this new evidence is consistent with other newly discovered allegedly exculpatory evidence, e.g., Lara's statements to Petitioner's investigator. See id. at 11-12. These factual and legal allegations are consistent with those alleged in the Petition. The California Supreme Court was made aware of the facts alleged and claims brought in this action and had a chance to pass on the claims.

Moreover, Petitioner's newly discovered evidence claim submitted to the California Supreme Court was particular enough to satisfy the fair presentation requirement. The California Supreme Court had notice of the factual bases for his claim, the cited legal authorities, and the ultimate remedy sought. Notwithstanding Respondent's correct observation that Petitioner failed to attach the relevant exhibits in support of his petition to the California Supreme Court, the state court petition itself sufficed to "reveal the substance" of Petitioner's claims to the state courts. Kim, 799 F.2d at 1320. Thus, Petitioner

is not required to return to the California Supreme Court on this claim.

## IV.
## CONCLUSION

IT THEREFORE IS RECOMMENDED that the District Judge issue an Order: (1) accepting this Report and Recommendation; (2) denying Respondent's Motion to Dismiss; (3) ordering Respondent to answer the Petition within thirty-five (35) days of this order; and (4) ordering Petitioner to file any reply or traverse thereto within twenty-one (21) days of service of Respondent's Answer.

Dated: January 30, 2018

                                              DOUGLAS F. McCORMICK
                                              United States Magistrate Judge